# EXHIBIT A

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
  Nicholas J. De Blouw (State Bar #280922)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiffs

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/24/2020** at 09:32:17 AM

Clerk of the Superior Court
By Richard Day,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMES MEOLA and OSCAR SANCHEZ, individuals, on behalf of themselves and on behalf of all persons similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>COMPASS GROUP USA, INC., a Corporation; and Does 1 through 50, Inclusive;<br><br>        Defendants. | Case No._37-2020-00025850-CU-OE-CTL_<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, _et seq._;<br>2.  FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, _et seq._;<br>3.  FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br>4.  FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5.  FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>6.  FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>7.  FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and,<br>8.  FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiffs JAMES MEOLA and OSCAR SANCHEZ ("PLAINTIFFS"), individuals, on behalf of themselves and all other similarly situated current and former employees, allege on information and belief, except for their own acts and knowledge which are based on personal knowledge, the following:

## **THE PARTIES**

1.    Defendant Compass Group USA, Inc. ("DEFENDANT") is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.    DEFENDANT retails prepared food and drinks for on-premise consumption. DEFENDANT offers catering, dining and support services for a variety of events.

3.    Plaintiff Meola was employed by DEFENDANT in California as a non-exempt employee entitled to overtime pay and meal and rest periods from November of 2017 to May of 2019. Plaintiff Meola was at all times relevant mentioned herein classified by DEFENDANT as a non-exempt employee paid in whole or in part on an hourly basis.

4.    Plaintiff Sanchez has been employed by DEFENDANT in California as a non-exempt employee entitled to overtime pay and meal and rest periods from 2009. Plaintiff Sanchez is at all times relevant mentioned herein classified by DEFENDANT as a non-exempt employee paid in whole or in part on an hourly basis.

5.    PLAINTIFFS bring this Class Action on behalf of themselves and a California class, defined as all individuals who are or previously were employed by DEFENDANT and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning on the date  four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

6.    PLAINTIFFS bring this Class Action on behalf of themselves and a

2

1  CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses
2  incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and
3  practice which failed to lawfully compensate these employees for all their overtime worked.
4  DEFENDANT's policy and practice alleged herein is an unlawful, unfair and deceptive
5  business practice whereby DEFENDANT retained and continues to retain wages due
6  PLAINTIFFS and the other members of the CALIFORNIA CLASS.  PLAINTIFFS and the
7  other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by
8  DEFENDANT in the future, relief for the named PLAINTIFFS and the other members of the
9  CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and
10 current unlawful conduct, and all other appropriate legal and equitable relief.

11      7.    The true names and capacities, whether individual, corporate, subsidiary,
12 partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently
13 unknown to PLAINTIFFS who therefore sue these Defendants by such fictitious names
14 pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFFS will seek leave to amend this Complaint
15 to allege the true names and capacities of Does 1 through 50, inclusive, when they are
16 ascertained.  PLAINTIFFS are informed and believe, and based upon that information and
17 belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50,
18 inclusive, are responsible in some manner for one or more of the events and happenings that
19 proximately caused the injuries and damages hereinafter alleged.

20      8.    The agents, servants and/or employees of the Defendants and each of them acting
21 on behalf of the Defendants acted within the course and scope of his, her or its authority as the
22 agent, servant and/or employee of the Defendants, and personally participated in the conduct
23 alleged herein on behalf of the Defendants with respect to the conduct alleged herein.
24 Consequently, the acts of each Defendant are legally attributable to the other Defendants and
25 all Defendants are jointly and severally liable to PLAINTIFFS and the other members of the
26 CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the
27 Defendants' agents, servants and/or employees.

28

CLASS ACTION COMPLAINT

**THE CONDUCT**

9.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues to fail to accurately calculate and pay PLAINTIFFS and the other members of the CALIFORNIA CLASS for their time worked. DEFENDANT unlawfully and unilaterally failed to accurately calculate minimum and overtime wages for time worked by PLAINTIFFS and other members of the CALIFORNIA CLASS in order to avoid paying these employees the correct compensation. As a result, PLAINTIFFS and the other members of the CALIFORNIA CLASS forfeited wages due them for working time without compensation at the correct minimum and overtime rates. DEFENDANT's policy and practice to not pay the members of the CALIFORNIA CLASS the correct compensation for all time worked in accordance with applicable law is evidenced by DEFENDANT's business records. This policy and practice of DEFENDANT was intended to purposefully avoid the payment of the correct compensation as required by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law.

10.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFFS and other CALIFORNIA CLASS Members for the actual amount of time these employees worked. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is required to pay PLAINTIFFS and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT required these employees to work off the clock without paying them for all the time they were under DEFENDANT's control. Specifically, DEFENDANT required PLAINTIFFS to work while clocked out during what was supposed to be PLAINTIFFS' off-duty meal break. PLAINTIFFS were from time to time interrupted by work assignments. Indeed there were many days where PLAINTIFFS did not even receive a partial lunch. As a result, PLAINTIFFS and other CALIFORNIA CLASS Members forfeited minimum wage and overtime compensation by regularly working without their time being accurately recorded and

4

without compensation at the applicable minimum wage and overtime rates. To the extent that the time worked off the clock did not qualify for overtime premium payment, DEFENDANT failed to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

11.    In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT intentionally and knowingly failed to compensate PLAINTIFFS and the other members of the CALIFORNIA CLASS at the correct rate of pay for all overtime worked.  This policy and practice of DEFENDANT is intended to purposefully avoid the payment of the correct overtime compensation as required by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law.  To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

12.    As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS Members were also from time to time unable to take off duty meal breaks and were not fully relieved of duty for meal periods.  PLAINTIFFS and other CALIFORNIA CLASS Members were from time to time required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break.  Further, DEFENDANT failed to provide PLAINTIFFS and CALIFORNIA CLASS Members with a second off-duty meal period from time to time in which these employees were required by DEFENDANT to work ten (10) hours of work. PLAINTIFFS and the other CALIFORNIA CLASS Members therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

13.    During the CALIFORNIA CLASS PERIOD, PLAINTIFFS and other CALIFORNIA CLASS Members were from time to time also required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two

5

1   (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts

2   worked of between six (6) and eight (8) hours, and a first, second and third rest period of at

3   least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time.

4   PLAINTIFFS and other CALIFORNIA CLASS Members were also not provided with one hour

5   wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFFS and other

6   CALIFORNIA CLASS Members were periodically denied their proper rest periods by

7   DEFENDANT and DEFENDANT's managers.  Additionally, the applicable California Wage

8   Order requires employers to provide employees with off-duty rest periods, which the California

9   Supreme Court defined as time during which an employee is relieved from all work related

10  duties and free from employer control.  In so doing, the Court held that the requirement under

11  California law that employers authorize and permit all employees to take rest period means that

12  employers must relieve employees of all duties and relinquish control over how employees

13  spend their time which includes control over the locations where employees may take their rest

14  period.  Employers cannot impose controls that prohibit an employee from taking a brief walk -

15  five minutes out, five minutes back.  Here, DEFENDANT's policy restricted PLAINTIFFS and

16  other CALIFORNIA CLASS Members from unconstrained walks and was unlawful based on

17  DEFENDANT's rule which stated PLAINTIFFS and other CALIFORNIA CLASS Members

18  could not leave the work premises during their rest period.

19      14.     In addition, when DEFENDANT required PLAINTIFF and other CALIFORNIA

20  CLASS Members to respond to calls and engage in additional work, including but not limited

21  to, responding to the immediate needs of customers, coordinating the delivery of food and

22  placing food orders, this resulted in a second reporting for work in a single workday.  In such

23  a circumstance of a second reporting for work in a single workday, DEFENDANT failed to pay

24  these employees reporting time pay as required by Cal. Code Regs., tit. 8, § 11040.  Subdivision

25  5(B) states: "If an employee is required to report for work a second time in any one workday

26  and is furnished less than two (2) hours of work on the second reporting, said employee shall

27  be paid for two (2) hours at the employee's regular rate of pay, which shall not be less than the

28

6

CLASS ACTION COMPLAINT

1  minimum wage." Cal. Code Regs., tit. 8, § 11040, subd. 5(B).

2      15.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify

3  PLAINTIFFS and the other CALIFORNIA CLASS Members for required business expenses

4  incurred by PLAINTIFFS and other CALIFORNIA CLASS Members in direct consequence

5  of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section

6  2802, employers are required to indemnify employees for all expenses incurred in the course

7  and scope of their employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall

8  indemnify his or her employee for all necessary expenditures or losses incurred by the employee

9  in direct consequence of the discharge of his or her duties, or of his or her obedience to the

10  directions of the employer, even though unlawful, unless the employee, at the time of obeying

11  the directions, believed them to be unlawful."

12      16.    In the course of their employment PLAINTIFFS and other CALIFORNIA CLASS

13  Members as a business expense, are required by DEFENDANT to use their own personal

14  cellular phones as a result of and in furtherance of their job duties as employees for

15  DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated

16  with the use of their personal cellular phones for DEFENDANT's benefit.  As a result, in the

17  course of their employment with DEFENDANT, PLAINTIFFS and other members of the

18  CALIFORNIA CLASS incurred unreimbursed business expenses which include, but are not

19  limited to, costs related to the use of their personal cellular phones all on behalf of and for the

20  benefit of DEFENDANT.

21      17.    From time to time, DEFENDANT also failed to provide PLAINTIFFS and the

22  other members of  the CALIFORNIA CLASS with complete and accurate wage statements

23  which failed to show, among other things, the correct gross and net wages earned and correct

24  amount of time worked.  Cal. Lab. Code § 226 provides that every employer shall furnish each

25  of his or her employees with an accurate itemized wage statement in writing showing, among

26  other things, gross wages earned and all applicable hourly rates in effect during the pay period

27  and the corresponding amount of time worked at each hourly rate.  Aside, from the violations

28

7

1   listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFFS an itemized wage

2   statement that lists all the requirements under California Labor Code 226 *et seq*. As a result,

3   DEFENDANT from time to time provided PLAINTIFFS and the other members of the

4   CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

5          18.    By reason of this conduct applicable to PLAINTIFFS and all CALIFORNIA

6   CLASS Members, DEFENDANT committed acts of unfair competition in violation of the

7   California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by

8   engaging in a company-wide policy and procedure which failed to accurately calculate and

9   record the correct overtime rate for the overtime worked by PLAINTIFFS and other

10  CALIFORNIA CLASS Members. The proper calculation of these employees' overtime hour

11  rates is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of

12  the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all

13  required overtime compensation for work performed by the members of the CALIFORNIA

14  CLASS and violated the California Labor Code and regulations promulgated thereunder as

15  herein alleged.

16         19.    PLAINTIFFS were also from time to time unable to take off duty meal and rest

17  breaks and was not fully relieved of duty for their meal periods. PLAINTIFFS were required

18  to perform work as ordered by DEFENDANT for more than five (5) hours during a shift

19  without receiving an off-duty meal break.   Further, DEFENDANT failed to provide

20  PLAINTIFFS with a second off-duty meal period from time to time in which they were required

21  by DEFENDANT to work ten (10) hours of work.  PLAINTIFFS therefore forfeited meal and

22  rest breaks without additional compensation and in accordance with DEFENDANT's corporate

23  policy and practice. DEFENDANT also provided PLAINTIFFS with a pay stub that failed to

24  accurately display PLAINTIFFS' correct rates of overtime pay and payments for missed meal

25  and rest periods for certain pay periods in violation of Cal. Lab. Code § 226(a).  To date,

26  DEFENDANT has not fully paid PLAINTIFFS the minimum wage and overtime compensation

27  still owed to them or any penalty wages owed to them under Cal. Lab. Code § 203.    The

28

8

CLASS ACTION COMPLAINT

1  amount in controversy for the PLAINTIFFS individually does not exceed the sum or value of

2  $75,000.

3

4  ## JURISDICTION AND VENUE

5  20.  This Court has jurisdiction over this Action pursuant to California Code of Civil

6  Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This

7  action is brought as a Class Action on behalf of PLAINTIFFS and similarly situated employees

8  of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

9  21.  Venue is proper in this Court pursuant to California Code of Civil Procedure,

10  Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times

11  maintained offices and facilities in this County and/or conducts substantial business in this

12  County, and (ii) committed the wrongful conduct herein alleged in this County against members

13  of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

14  ## THE CALIFORNIA CLASS

15
16  22.  PLAINTIFFS bring the First Cause of Action for Unfair, Unlawful and Deceptive

17  Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class

18  Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as

19  all individuals who are or previously were employed by DEFENDANT in California and

20  classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the

21  period beginning on the date four (4) years prior to the filing of this Complaint and ending on

22  the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in

23  controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million

24  dollars ($5,000,000.00).

25  23.  To the extent equitable tolling operates to toll claims by the CALIFORNIA

26  CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

27  accordingly.

28  24.  The California Legislature has commanded that "all wages... ...earned by any

9

person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays", and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..." (Lab. Code § 510(a).) Neither the PLAINTIFFS nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA LABOR SUB-CLASS qualify for exemption from the above requirements.

25. DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate and record overtime compensation for overtime worked by PLAINTIFFS and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work.

26. DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to accurately calculate the "regular rate of pay" by including the incentive compensation that PLAINTIFFS and members of the CALIFORNIA CLASS were awarded by DEFENDANT. DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable overtime rate for all overtime worked, so as to satisfy their burden. This common business practice applicable to

1    each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as

2    unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.*

3    (the "UCL") as causation, damages, and reliance are not elements of this claim.

4      27. At no time during the CALIFORNIA CLASS PERIOD was the compensation for

5    any member of the CALIFORNIA CLASS properly recalculated so as to compensate the

6    employee for all overtime worked at the applicable rate, as required by California Labor Code

7    §§ 204 and 510, *et seq.*  At no time during the CALIFORNIA CLASS PERIOD was the

8    overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so

9    as to include all earnings in the overtime compensation calculation as required by California

10    Labor Code §§ 510, *et seq.*

11      28. The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA

12    CLASS Members is impracticable.

13      29. DEFENDANT violated the rights of the CALIFORNIA CLASS under California

14    law by:

15        (a) Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code

16          §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in

17          place company policies, practices and procedures that failed to pay all

18          minimum and overtime wages due the CALIFORNIA CLASS for all time

19          worked, and failed to accurately record the applicable rates of all overtime

20          worked by the CALIFORNIA CLASS;

21        (b) Committing an act of unfair competition in violation of the California

22          Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

23          unlawfully, unfairly, and/or deceptively having in place a company policy,

24          practice and procedure that failed to correctly calculate overtime

25          compensation due to PLAINTIFFS and the members of the

26          CALIFORNIA CLASS;

27        (c) Committing an act of unfair competition in violation of the California

28

11

1    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

2    violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et*

3    *seq.*, by failing to pay the correct federal overtime wages to the

4    PLAINTIFFS and the members of the CALIFORNIA CLASS as legally

5    required by the FLSA, and retaining the unpaid federal overtime to the

6    benefit of DEFENDANT.;

7    (d)    Committing an act of unfair competition in violation of the California

8    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by

9    violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFFS and

10    the CALIFORNIA CLASS members with necessary expenses incurred in

11    the discharge of their job duties; and,

12    (e)    Committing an act of unfair competition in violation of the California

13    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

14    failing to provide mandatory meal and/or rest breaks to PLAINTIFFS and

15    the CALIFORNIA CLASS members.

16    30.    This Class Action meets the statutory prerequisites for the maintenance of a Class

17    Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

18    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

19    that the joinder of all such persons is impracticable and the disposition of

20    their claims as a class will benefit the parties and the Court;

21    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

22    that are raised in this Complaint are common to the CALIFORNIA

23    CLASS will apply to every member of the CALIFORNIA CLASS;

24    (c)    The claims of the representative PLAINTIFFS are typical of the claims of

25    each member of the CALIFORNIA CLASS. PLAINTIFFS, like all the

26    other members of the CALIFORNIA CLASS, were subjected to the

27    employment practices of DEFENDANT and was a non-exempt employee

28

CLASS ACTION COMPLAINT

1    paid on an hourly basis who was subjected to the DEFENDANT's practice

2    and policy which fails to pay the correct rate of overtime wages due to the

3    CALIFORNIA CLASS for all overtime worked by the CALIFORNIA

4    CLASS and thereby underpays overtime compensation to the

5    CALIFORNIA CLASS. PLAINTIFFS sustained economic injury as a

6    result of DEFENDANT's employment practices. PLAINTIFFS and the

7    members of the CALIFORNIA CLASS were and are similarly or

8    identically harmed by the same unlawful, deceptive and unfair misconduct

9    engaged in by DEFENDANT; and,

10    (d)    The representative PLAINTIFFS will fairly and adequately represent and

11    protect the interest of the CALIFORNIA CLASS, and have retained

12    counsel who are competent and experienced in Class Action litigation.

13    There are no material conflicts between the claims of the representative

14    PLAINTIFFS and the members of the CALIFORNIA CLASS that would

15    make class certification inappropriate. Counsel for the CALIFORNIA

16    CLASS will vigorously assert the claims of all CALIFORNIA CLASS

17    Members.

18    31.    In addition to meeting the statutory prerequisites to a Class Action, this action

19  is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

20    (a)    Without class certification and determination of declaratory, injunctive,

21    statutory and other legal questions within the class format, prosecution of

22    separate actions by individual members of the CALIFORNIA CLASS will

23    create the risk of:

24    1)    Inconsistent or varying adjudications with respect to individual

25    members of the CALIFORNIA CLASS which would establish

26    incompatible standards of conduct for the parties opposing the

27    CALIFORNIA CLASS; and/or,

28

2) Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due. Including the correct overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

1) With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFFS seek declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c) Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate

14

CLASS ACTION COMPLAINT

actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

CLASS ACTION COMPLAINT

32. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

    (a) The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

    (b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

    (c) The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

    (d) PLAINTIFFS, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

    (e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

    (f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

    (g) DEFENDANT has acted or refused to act on grounds generally applicable

16

CLASS ACTION COMPLAINT

to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

33.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

**THE CALIFORNIA LABOR SUB-CLASS**

34.    PLAINTIFFS further bring the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period beginning on the date three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

35.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate overtime compensation for the overtime worked by PLAINTIFFS and the

other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work. DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members overtime wages at the correct amount to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

36.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

37.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

38.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay overtime compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are entitled to overtime compensation for overtime worked under the overtime pay requirements of California law;

(c)    Whether DEFENDANT failed to accurately record the applicable overtime rates for all overtime worked PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS;

18

CLASS ACTION COMPLAINT

(d)    Whether DEFENDANT failed to provide PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with legally required uninterrupted thirty (30) minute meal breaks and rest periods;

(e)    Whether DEFENDANT failed to provide PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(f)    Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(g)    The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(h)    Whether DEFENDANT's conduct was willful.

39.    DEFENDANT failed to accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-CLASS Members and failed to provide accurate records of the applicable overtime rates for the overtime worked by these employees. All of the CALIFORNIA LABOR SUB-CLASS Members, including PLAINTIFFS, were non-exempt employees who were paid on an hourly basis by DEFENDANT according to company procedures as alleged herein above. This business practice was applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

40.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)    Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194 & § 1198;

(b)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to accurately pay PLAINTIFFS and the members of the CALIFORNIA

19

LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(c)     Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFFS and the other members of the CALIFORNIA CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

(d)     Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFFS and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

(e)     Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable overtime rates in effect during the pay period and the corresponding amount of time worked at each overtime rate by the employee; and,

(f)     Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

41.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)     The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues

20

CLASS ACTION COMPLAINT

that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

(c) The claims of the representative PLAINTIFFS are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFFS, like all the other members of the CALIFORNIA LABOR SUB-CLASS, were non-exempt employees paid on an hourly basis and subjected to the DEFENDANT's practice and policy which failed to pay the correct rate of overtime wages due to the CALIFORNIA LABOR SUB-CLASS for all overtime worked. PLAINTIFFS sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

(d) The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and have retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

42. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a) Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of

21

separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

    1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

    2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT failed to pay all wages due. Including the correct overtime rate, for all overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)    Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1)    The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of

CLASS ACTION COMPLAINT

separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of

23

CLASS ACTION COMPLAINT

1                    this action pursuant to Cal. Code of Civ. Proc. § 382.

2       43.     This Court should permit this action to be maintained as a Class Action pursuant

3 to Cal. Code of Civ. Proc. § 382 because:

4                (a)     The questions of law and fact common to the CALIFORNIA LABOR

5                      SUB-CLASS predominate over any question affecting only individual

6                      CALIFORNIA LABOR SUB-CLASS Members;

7                (b)     A Class Action is superior to any other available method for the fair and

8                      efficient adjudication of the claims of the members of the CALIFORNIA

9                      LABOR SUB-CLASS because in the context of employment litigation a

10                    substantial number of individual CALIFORNIA LABOR SUB-CLASS

11                    Members will avoid asserting their rights individually out of fear of

12                    retaliation or adverse impact on their employment;

13                (c)     The members of the CALIFORNIA LABOR SUB-CLASS are so

14                    numerous that it is impractical to bring all members of the CALIFORNIA

15                    LABOR SUB-CLASS before the Court;

16                (d)     PLAINTIFFS, and the other CALIFORNIA LABOR SUB-CLASS

17                    Members, will not be able to obtain effective and economic legal redress

18                    unless the action is maintained as a Class Action;

19                (e)     There is a community of interest in obtaining appropriate legal and

20                    equitable relief for the acts of unfair competition, statutory violations and

21                    other improprieties, and in obtaining adequate compensation for the

22                    damages and injuries which DEFENDANT's actions have inflicted upon

23                    the CALIFORNIA LABOR SUB-CLASS;

24                (f)     There is a community of interest in ensuring that the combined assets of

25                    DEFENDANT are sufficient to adequately compensate the members of

26                    the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

27                (g)     DEFENDANT has acted or refused to act on grounds generally applicable

28

24

CLASS ACTION COMPLAINT

to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members classified as non-exempt employees during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

## FIRST CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

### (By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)

44.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

45.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

46.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court

CLASS ACTION COMPLAINT

may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

47.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 226.7, 510, 512, 1194, 1197, 1197.1, 1198, 2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

48.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

49.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to pay PLAINTIFFS, and other members of the CALIFORNIA CLASS, minimum and overtime wages due for overtime worked, failed to accurately to record the applicable rate of all time worked, and failed to provide the required amount of overtime compensation due to a miscalculation of the overtime rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

50.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

CLASS ACTION COMPLAINT

unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFFS and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

51.     By the conduct alleged herein, DEFENDANT's practices were also unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide mandatory meal and/or rest breaks to PLAINTIFFS and the CALIFORNIA CLASS members.

52.     Therefore, PLAINTIFFS demand on behalf of themselves and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

53.     PLAINTIFFS further demand on behalf of themselves and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off duty paid rest period was not timely provided as required by law.

54.     By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFFS and the other members of the CALIFORNIA CLASS, including earned wages for all overtime worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

55.     All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

56.     PLAINTIFFS and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property

CLASS ACTION COMPLAINT

which DEFENDANT has acquired, or of which PLAINTIFFS and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all overtime worked.

57.    PLAINTIFFS and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

58.    PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFFS and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 204, 510, 1194 and 1198]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

59.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

60.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate the applicable rates for all overtime worked by PLAINTIFFS and other

1  members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly

2  compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked,

3  including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in

4  any workweek.

5       61.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

6  public policy, an employer must timely pay its employees for all hours worked.

7       62.    Cal. Lab. Code § 510 further provides that employees in California shall not be

8  employed more than eight (8) hours per workday and/or more than forty (40) hours per

9  workweek unless they receive additional compensation beyond their regular wages in amounts

10 specified by law.

11      63.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

12 including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.

13 Code § 1198 further states that the employment of an employee for longer hours than those

14 fixed by the Industrial Welfare Commission is unlawful.

15      64.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and

16 CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by

17 DEFENDANT to work for DEFENDANT and were not paid for all the time they worked,

18 including overtime work. DEFENDANT maintained a wage practice of paying PLAINTIFFS

19 and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the

20 correct amount of overtime worked and correct applicable overtime rate for the amount of

21 overtime they worked.  As set forth herein, DEFENDANT's policy and practice was to

22 unlawfully and intentionally deny timely payment of wages due for the overtime worked by

23 PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, and

24 DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for

25 all overtime worked.

26      65.    DEFENDANT's unlawful wage and hour practices manifested, without

27 limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

28

29

implementing a policy and practice that denied accurate compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked, including, the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

66.     In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the amount of overtime worked and the applicable overtime rates and consequently underpaid the actual time worked by PLAINTIFFS and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

67.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for all overtime worked.

68.     Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint.  Rather, the PLAINTIFFS bring this Action on behalf of themselves and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

69.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

70.     DEFENDANT failed to accurately pay PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194

CLASS ACTION COMPLAINT

& 1198, even though PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's business records and witnessed by employees.

71.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

72.    DEFENDANT knew or should have known that PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

73.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

74.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against

31

1  DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable

2  statutes.  To the extent overtime compensation is determined to be owed to the CALIFORNIA

3  LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S

4  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

5  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

6  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's

7  conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFFS

8  and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover

9  statutory costs.

10

11                     **THIRD CAUSE OF ACTION**

12                   **For Failure To Pay Minimum Wages**

13              **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

14           **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS**

15                     **and Against All Defendants)**

16      75.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

17  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

18  paragraphs of this Complaint.

19      76.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-

20  CLASS bring a claim for DEFENDANT's willful and intentional violations of the California

21  Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure

22  to accurately calculate and pay minimum and reporting time wages to PLAINTIFFS and

23  CALIFORNIA CLASS Members.

24      77.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

25  public policy, an employer must timely pay its employees for all hours worked.

26      78.    Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the

27  commission is the minimum wage to be paid to employees, and the payment of a less wage than

28                              32

1    the minimum so fixed in unlawful.

2        79.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

3    including minimum wage compensation and interest thereon, together with the costs of suit.

4        80.    DEFENDANT maintained a wage practice of paying PLAINTIFFS and the other

5    members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of

6    time they work. As set forth herein, DEFENDANT's policy and practice was to unlawfully and

7    intentionally deny timely payment of wages due to PLAINTIFFS and the other members of the

8    CALIFORNIA LABOR SUB-CLASS.

9        81.    DEFENDANT's unlawful wage and hour practices manifested, without

10    limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

11    implementing a policy and practice that denies accurate compensation to PLAINTIFFS and the

12    other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

13        82.    In committing these violations of the California Labor Code, DEFENDANT

14    inaccurately calculated the correct time worked and consequently underpaid the actual time

15    worked by PLAINTIFFS and other members of the CALIFORNIA LABOR SUB-CLASS.

16    DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

17    benefits in violation of the California Labor Code, the Industrial Welfare Commission

18    requirements and other applicable laws and regulations.

19        83.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

20    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS did not

21    receive the correct minimum wage compensation for their time worked for DEFENDANT.

22        84.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

23    required, permitted or suffered PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS

24    Members to work without paying them for all the time they were under DEFENDANT's

25    control. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and the

26    other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that

27    they were entitled to, constituting a failure to pay all earned wages

28                                  33

85.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

86.    DEFENDANT knew or should have known that PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

87.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

88.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time

1    penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these

2    CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein

3    was willful, intentional and not in good faith. Further, PLAINTIFFS and other CALIFORNIA

4    LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

5

6                           **FOURTH CAUSE OF ACTION**

7                     **For Failure to Provide Required Meal Periods**

8                       **[Cal. Lab. Code §§ 226.7 & 512 ]**

9    **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

10                                  **Defendants)**

11           89.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

12    CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

13    paragraphs of this Complaint.

14           90.    During the CALIFORNIA CLASS PERIOD, from time to time, DEFENDANT

15    failed to provide all the legally required off-duty meal breaks to PLAINTIFFS and the other

16    CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and

17    Labor Code. The nature of the work performed by PLAINTIFFS and CALIFORNIA LABOR

18    SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their

19    duties for the legally required off-duty meal periods. As a result of their rigorous work

20    schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were from

21    time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally,

22    DEFENDANT's failure to provide PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS

23    Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced

24    by DEFENDANT's business records from time to time. As a result, PLAINTIFFS and other

25    members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without

26    additional compensation and in accordance with DEFENDANT's corporate policy and practice.

27           91.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

28                                       35
                              CLASS ACTION COMPLAINT

1  IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-

2  CLASS Members who were not provided a meal period, in accordance with the applicable

3  Wage Order, one additional hour of compensation at each employee's regular rate of pay for

4  each workday that a meal period was not provided.

5       92.    As a proximate result of the aforementioned violations, PLAINTIFFS and

6  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

7  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

8  suit.

9

10                          **FIFTH CAUSE OF ACTION**

11                   **For Failure to Provide Required Rest Periods**

12                      **[Cal. Lab. Code §§ 226.7 & 512 ]**

13       **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

14                                  **Defendants)**

15       93.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

16  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

17  paragraphs of this Complaint.

18       94.    PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were

19  from time to time required to work in excess of four (4) hours without being provided ten (10)

20  minute rest periods.  Further, these employees were denied their first rest periods of at least ten

21  (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest

22  period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours,

23  and a first, second and third rest period of at least ten (10) minutes for some shifts worked of

24  ten (10) hours or more from time to time.  PLAINTIFFS and other CALIFORNIA LABOR

25  SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a result

26  of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS

27  Members were periodically denied their proper rest periods by DEFENDANT and

28

CLASS ACTION COMPLAINT

1 | DEFENDANT's managers.

2 |     95.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

3 | IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-

4 | CLASS Members who were not provided a rest period, in accordance with the applicable Wage

5 | Order, one additional hour of compensation at each employee's regular rate of pay for each

6 | workday that rest period was not provided.

7 |     96.    As a proximate result of the aforementioned violations, PLAINTIFFS and

8 | CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

9 | to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

10 | suit.

## SIXTH CAUSE OF ACTION

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

97.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

98.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee

37

CLASS ACTION COMPLAINT

is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

99.    From time to time, DEFENDANT also failed to provide PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned and correct amount of time worked. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFFS an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

100.    DEFENDANT knowingly and intentionally failed to comply with Cal. Labor Code § 226, causing injury and damages to the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs

CLASS ACTION COMPLAINT

1  expended calculating the correct rates for the overtime worked and the amount of employment

2  taxes which were not properly paid to state and federal tax authorities. These damages are

3  difficult to estimate. Therefore, PLAINTIFFS and the other members of the CALIFORNIA

4  LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the

5  initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

6  violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

7  to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for

8  PLAINTIFFS and each respective member of the CALIFORNIA LABOR SUB-CLASS

9  herein).

10

11  ## SEVENTH CAUSE OF ACTION

12  **For Failure to Reimburse Employees for Required Expenses**

13  **[Cal. Lab. Code § 2802]**

14  **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

15  **Defendants)**

16  101.  PLAINTIFFS and the other CALIFORNIA LABOR SUB-CLASS members

17  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

18  of this Complaint.

19  102.  Cal. Lab. Code § 2802 provides, in relevant part, that:

20  An employer shall indemnify his or her employee for all necessary expenditures
     or losses incurred by the employee in direct consequence of the discharge of his
21  or her duties, or of his or her obedience to the directions of the employer, even
     though unlawful, unless the employee, at the time of obeying the directions,
22  believed them to be unlawful.

23  103.  At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by

24  failing to indemnify and reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS

25  members for required expenses incurred in the discharge of their job duties for DEFENDANT's

26  benefit. DEFENDANT fails to reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-

27  CLASS members for expenses which include, but are not limited to, costs related to using their

28

1    personal cellular phones all on behalf of and for the benefit of DEFENDANT. DEFENDANT's

2    policy, practice and procedure is to not reimburse PLAINTIFFS and the CALIFORNIA

3    LABOR SUB-CLASS members for expenses resulting from using their personal cellular

4    phones for DEFENDANT within the course and scope of their employment for DEFENDANT.

5    These expenses are necessary to complete their principal job duties. DEFENDANT is estopped

6    by DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses

7    are necessary expenses incurred by PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS

8    members, DEFENDANT fails to indemnify and reimburse PLAINTIFFS and the

9    CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required

10    to do under the laws and regulations of California.

11         104.    PLAINTIFFS therefore demand reimbursement for expenditures or losses

12    incurred by her and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their

13    job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with

14    interest at the statutory rate and costs under Cal. Lab. Code § 2802.

15

16    ### EIGHTH CAUSE OF ACTION

17    **For Failure to Pay Wages When Due**

18    **[ Cal. Lab. Code §§ 201, 202, 203]**

19    **(By Plaintiff Meola and the CALIFORNIA LABOR SUB-CLASS and Against All**

20    **Defendants)**

21         105.    Plaintiff Meola, and the other members of the CALIFORNIA LABOR SUB-

22    CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior

23    paragraphs of this Complaint.

24         106.    Cal. Lab. Code § 200 provides that:

25    As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time,

26    task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under

27    contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

28

107. Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

108. Cal. Lab. Code § 202 provides, in relevant part, that:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

109. There were no definite term in PLAINTIFFS' or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

110. Cal. Lab. Code § 203 provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

111. The employment of Plaintiff Meola and many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not tendered payment of overtime wages, to these employees who actually worked overtime, as required by law.

112. Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated, Plaintiff Meola demands up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

///

///

///

41

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

1.  On behalf of the CALIFORNIA CLASS:

    A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)   An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)   An order requiring DEFENDANT to pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFFS and the other members of the CALIFORNIA CLASS; and,

    D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFFS and to the other members of the CALIFORNIA CLASS.

2.  On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A)   That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)   Compensatory damages, according to proof at trial, including compensatory damages for minimum wage and overtime compensation due PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

    C)   Meal and rest period compensation pursuant to California Labor Code Section 226.7 and the applicable IWC Wage Order;

    D)   The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of

the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

E)  For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197;

F)  The amount of the expenses PLAINTIFFS and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit; and,

G)  The wages of all terminated employees from the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3.  On all claims:

A)  An award of interest, including prejudgment interest at the legal rate;

B)  Such other and further relief as the Court deems just and equitable; and,

C)  An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §226, §1194 and/or §2802.

Dated: July 24, 2020          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

                              /s/ Norman Blumenthal
                    By: _____
                              Norman B. Blumenthal
                              Attorneys for Plaintiffs

43
CLASS ACTION COMPLAINT

**DEMAND FOR A JURY TRIAL**

PLAINTIFFS demand a jury trial on issues triable to a jury.

Dated: July 24, 2020              BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By: _____/s/ Norman Blumenthal_____
                    Norman B. Blumenthal
                    Attorneys for Plaintiffs

CLASS ACTION COMPLAINT

# EXHIBIT B

1   LONNIE D. GIAMELA, SBN 228435
    E-Mail lgiamela@fisherphillips.com
2   JUSTIN P. HALL, SBN 329464
    E-Mail jhall@fisherphillips.com
3   FISHER & PHILLIPS LLP
    444 South Flower Street, Suite 1500
4   Los Angeles, California 90071
    Telephone: (213) 330-4500
5   Facsimile: (213) 330-4501

6   Attorneys for Defendant
    COMPASS GROUP USA, INC.

7

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/08/2020** at 10:17:00 AM

Clerk of the Superior Court
By Regina Chanez,Deputy Clerk

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN DIEGO

10

11  JAMES MEOLA and OSCAR SANCHEZ,          CASE NO.:  37-2020-00025850-CU-OE-CTL
    individuals, on behalf of themselves and on   *[Unlimited Jurisdiction]*
12  behalf of all persons similarly situated,
                                                **CLASS ACTION**
13                    Plaintiffs,
                                                **DEFENDANT COMPASS GROUP USA,
14          v.                                  INC.'S ANSWER TO PLAINTIFFS'
                                                UNVERIFIED CLASS ACTION
15  COMPASS GROUP USA, INC. a                   COMPLAINT**
    Corporation, and Does 1 through 50,
16  Inclusive,                                  *Assigned for all purposes to the
                                                Honorable Gregory W. Pollack, Dept. C-71*
17                    Defendants.
                                                Complaint Filed: July 24, 2020
18                                              Trial Date:      None set

19

20          Defendant COMPASS GROUP USA, INC. ("Defendant") responds to Plaintiffs

21  JAMES MEOLA's and OSCAR SANCHEZ's (collectively, "Plaintiffs") unverified Class

22  Action Complaint (the "Complaint") as follows:

23                                **ANSWER**

24          Pursuant to California Code of Civil Procedure section 431.30, subdivision (d),

25  Defendant generally denies each and every allegation and cause of action in Plaintiffs' unverified

26  Complaint.

27                          **AFFIRMATIVE DEFENSES**

28          Defendant further asserts the following separate and additional defenses.  In asserting

                                      1
FP 38568811.1

these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

## FIRST AFFIRMATIVE DEFENSE

1.     The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.     The Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including but not limited to: California Code of Civil Procedure sections 338, 339, 340, and 343, California Labor Code section 203, and California Business and Professions Code section 17208.

## THIRD AFFIRMATIVE DEFENSE

3.     Plaintiffs and the putative class members are estopped by their conduct from asserting any cause of action against Defendant or from recovering any relief sought in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

4.     By their conduct, Plaintiffs and the putative class members have waived any right to recover any relief sought in the Complaint, or in the purported causes of action alleged therein.

## FIFTH AFFIRMATIVE DEFENSE

5.     This matter is not suitable for class certification as at least one putative class member has executed a pre-dispute arbitration agreement to resolve the employee's claims through individual arbitration.

## SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiffs are guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiffs' claims for meal and rest period violations are barred to the extent that

2

1   Plaintiffs and the putative class members affirmatively chose not to take or waived meal periods,

2   which were provided, and rest periods, which were authorized and permitted.

3                                          **EIGHTH AFFIRMATIVE DEFENSE**

4         8.       Plaintiffs and the putative class members were paid all wages due to them on a

5   timely basis pursuant to the requirements contained in the California Labor Code and any

6   applicable wage order.

7                                          **NINTH AFFIRMATIVE DEFENSE**

8         9.       Plaintiffs and the putative class members are not entitled to any penalty or

9   liquidated damages award, including under California Labor Code sections 203 or 206, because,

10  at all times relevant and material herein, Defendant did not willfully or knowingly fail to comply

11  with the compensation provisions of the California Labor Code or any applicable wage order,

12  but rather acted at all times with the good faith and reasonable belief that Plaintiffs and the

13  putative class members were fully compensated as required by law and were not owed any wages

14  or renumeration by Defendant at the time of separation from employment with Defendant.

15                                          **TENTH AFFIRMATIVE DEFENSE**

16        10.      Plaintiffs are not eligible as a matter of law for waiting time penalties under Labor

17  Code section 203 because a good-faith dispute existed as to whether Plaintiffs and the putative

18  class members were provided, or entitled to, meal periods within the meaning of Sections 226.7

19  and 512 of the Labor Code and/or any applicable wage order.

20                                          **ELEVENTH AFFIRMATIVE DEFENSE**

21        11.      Any recovery on Plaintiffs' Complaint or any cause of action therein is barred on

22  the ground that to the extent Plaintiffs and the putative class members worked overtime or off-

23  the-clock, which Defendant denies, such work was not authorized, suffered, or permitted by

24  Defendant and/or was performed without the actual or constructive knowledge and/or control of

25  Defendant within the meaning of Section 2(G) of the applicable Wage Order and as set forth by

26  applicable law.

27                                          **TWELFTH AFFIRMATIVE DEFENSE**

28        12.      Plaintiffs' Complaint, and the causes of action therein, is barred because

Defendant's actions with respect to the subject matter in Plaintiffs' causes of action were undertaken in good faith and for good cause with the absence of malicious intent to injure Plaintiffs and/or the putative class members, did not amount to any unfair business practices, and constituted lawful, proper, and justified means to further Defendant's purpose to engage in and continue its business activities.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiffs' claim for penalties pursuant to California Labor Code section 226 is barred because Defendant did not knowingly and intentionally fail to comply with Labor Code section 226 or any statute or regulation of similar effect.  To the contrary, Defendant acted at all times with the good faith belief that Plaintiffs and the putative class members were issued compliant wage statements by Defendant as required by law.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiffs' claim that they and the putative class members were unlawfully denied their right to meal periods by Defendant is barred to the extent that Plaintiffs and the putative class members were provided an off-duty meal period of at least thirty (30) minutes in duration at the appropriate times as required by Section 11 of the applicable Industrial Welfare Commission Wage Order(s), and any interruption during said meal periods (which Defendant does not concede) was "*de minimis*," as permitted by law.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiffs and the putative class members are barred from obtaining relief pursuant to Plaintiffs' cause of action for violation of California Business and Professions Code section 17200, *et seq.*, because California law does not permit class actions where liability can be determined only through fact-intensive, individualized assessments of alleged wage-and-hour violations.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     The Complaint, and the causes of action alleged therein, fails to the extent that even if Plaintiffs and the putative class members were not paid for all work performed, such work is not compensable and any alleged underpayment of wages to Plaintiffs and the putative class

4

members was *de minimis*.  Pursuant to the *de minimis* doctrine, an employer is not required to pay for insubstantial or insignificant periods of purported off-the-clock work.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    The alleged losses of Plaintiffs and the putative class members, if any, are speculative and uncertain, and therefore not compensable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiffs' claim for reimbursement of job-related expenses fails because Plaintiffs and the putative class members have received reimbursement for all necessary and reasonable job-related expenses.

### NINETEENTH AFFIRMATIVE DEFENSE

19.    Plaintiffs' claim for damages and/or penalties under Labor Code section 226 is barred, in whole or in part, because Plaintiffs and the putative class members have suffered no injury as a result of any alleged actions by Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

20.    Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel to the extent that Plaintiffs' claims have been adjudicated in other proceedings.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiffs' class action is not manageable insofar as it presents individualized issues of fact and law as to whether the putative class members were, in fact, damaged in the manner Plaintiffs allege and in that it would require the testimony of individual persons on whose behalf damages, civil penalties, and other forms of relief are sought in order for there to be any recovery on any such person's behalf.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Plaintiffs' class allegations are barred as a matter of law because Plaintiffs cannot satisfy the prerequisites for class certification as required by Code of Civil Procedure section 382 and current legal standards.

*///*

DEFENDANT COMPASS GROUP USA, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED CLASS ACTION COMPLAINT

FP 38568811.1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Plaintiffs' class allegations are barred as a matter of law because the named Plaintiffs lack standing and thus cannot represent the interests of the putative class members as to each alleged cause of action in Plaintiffs' Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Plaintiffs' allegations on behalf of themselves and the putative class—the existence of which is expressly denied—involve matters for which individual questions predominate and, as such, are not appropriate claims for class treatment pursuant to Code of Civil Procedure section 382 and current legal standards.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    The claims alleged by the named Plaintiffs are neither common to nor typical of those, if any, of the putative class that Plaintiffs purport to represent.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    The named Plaintiffs are inadequate representatives of any putative class of persons that they purport to represent.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    Certain interests of the class proposed by Plaintiffs conflict with the interests of all or certain sub-groups of the members of the putative class of persons that Plaintiffs purport to represent.

**WHEREFORE**, this answering Defendant prays as follows:

1.    That Plaintiffs take nothing by their Complaint;

2.    That Plaintiffs' Complaint herein be dismissed in its entirety with prejudice;

3.    That the Court deny any class action;

4.    That Defendant be awarded its costs of suit and reasonable attorneys' fees incurred in defense of this action pursuant to Labor Code section 218.5, as permitted by law, and/or other applicable statutes; and

///

6

5. That the Court award such other and further relief as it deems appropriate.

DATE:  September 8, 2020                    FISHER & PHILLIPS LLP


                                           By: _____
                                               LONNIE D. GIAMELA
                                               JUSTIN P. HALL
                                               Attorneys for Defendant
                                               COMPASS GROUP USA, INC.

DEFENDANT COMPASS GROUP USA, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED CLASS ACTION COMPLAINT

FP 38568811.1

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On September 8, 2020, I served the foregoing document entitled **DEFENDANT COMPASS GROUP USA, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED CLASS ACTION COMPLAINT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Norman B. Blumenthal
Kyle R. Nordrehaug
Aparajit Bhowmik
Nicholas J. De Blouw
BLUMENTHAL NORDREHAUG
BHOWMIK DE BLOUW LLP
2255 Calle Clara
La Jolla, CA 92037

Attorneys for Plaintiffs
JAMES MEOLA and OSCAR SANCHEZ, individuals, on behalf of themselves and on behalf of all persons similarly situated

Tel: (858) 551-1223  Fax: (858) 551-1232
Email:  norm@bamlawca.com;
          kyle@bamlawca.com;
          aj@bamlawlj.com;
          DeBlouw@bamlawca.com

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express.  Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).  Such messenger is over the age of eighteen years and not a party to the within action and employed with Express Network, whose business address is 1605 W. Olympic Boulevard, Suite 800, Los Angeles, CA 90015.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed September 8, 2020, at Los Angeles, California.

Katherine Wagner
_____
Print Name

By: _Katherine Wagner_
_____
Signature

# CERTIFICATE OF SERVICE
## (CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On September 16, 2020, I served the foregoing document entitled **DECLARATION OF JUSTIN P. HALL IN SUPPORT OF DEFENDANT COMPASS GROUP USA, INC.'S NOTICE OF REMOVAL OF ACTION** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Norman B. Blumenthal
Kyle R. Nordrehaug
Aparajit Bhowmik
Nicholas J. De Blouw
BLUMENTHAL NORDREHAUG
BHOWMIK DE BLOUW LLP
2255 Calle Clara
La Jolla, CA 92037

Attorneys for Plaintiffs
JAMES MEOLA and OSCAR
SANCHEZ, individuals, on behalf of
themselves and on behalf of all persons
similarly situated

T: (858) 551-1223  F: (858) 551-1232
Email:  norm@bamlawca.com;
            kyle@bamlawca.com;
            aj@bamlawlj.com;
            DeBlouw@bamlawca.com

☒    **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐    **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed September 16, 2020, at Los Angeles, California.

Katherine Wagner
_____
Print Name

By:  *s/Katherine Wagner*
_____
Signature